IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MALIBU MEDIA, LLC                    :

                                                  :

    v.                                :   Civil Action No. DKC 15-1710

                                                  :

JOHN DOE                             :

                                                  :

**MEMORANDUM OPINION AND ORDER**

Plaintiff Malibu Media, LLC ("Plaintiff") filed this action for copyright infringement against a John Doe defendant ("Doe"). Presently pending and ready for resolution is a motion to quash filed by Doe. (ECF No. 7). The issues have been briefed, and the court now rules, no hearing deemed necessary. Local Rule 105.6. For the following reasons, the motion to quash will be denied.

The limited factual background in this case can be found in a prior order granting Plaintiff's motion for leave to serve a third party subpoena. (*See* ECF No. 5). Plaintiff alleges that a single Doe defendant utilized the BitTorrent file distribution network to download adult pornographic films subject to copyrights held by Plaintiff. Plaintiff identified Doe only by an Internet Protocol address ("IP address") assigned to a customer on a specific date by an Internet Service Provider ("ISP"). Accordingly, Plaintiff moved to expedite discovery and

serve a third party subpoena on the ISP prior to a Rule 26(f) conference in order to obtain the identity of Doe. On June 12, 2015, the undersigned granted Plaintiff's motion subject to numerous conditions and limitations dictated by the sensitive nature of this action and the uncertainty surrounding the specificity of IP addresses. (ECF No. 5).

On July 29, Doe filed the pending motion to quash the third party subpoena. (ECF No. 7). The motion to quash avers that Doe lives in a large, multiunit apartment complex and uses a wireless router to access the internet. The wireless router was, at times, accessible to individuals not living in Doe's apartment because it was not consistently secured with a password. In addition, Doe lives with at least one other individual. Thus, Doe contends that "[t]he likelihood that an individual, other than Doe, infringed [on] Plaintiff's copyrights is too great to support any correlation between Doe and the alleged violation that Plaintiff seeks to prove." (*Id.* at 4). Doe argues that "the risk of reputational injury . . . from public exposure and association with [Plaintiff's] allegations . . . is too great and presents an undue burden to Doe under Fed.R.Civ.P. 45(c)(3)(A)(iv)." (*Id.*). Plaintiff counters that Doe does not face an undue burden because the subpoena is directed at the ISP, not Doe. (ECF No. 8, at 2-3). Plaintiff further contends that the court's prior order allowing

the subpoena includes protections that are sufficient to address Doe's concerns regarding anonymity and reputational injury.

Doe's "argument that the subpoena presents an undue burden is unavailing because the subpoena is directed toward the ISP[] and not [Doe] and accordingly does not require [Doe] to produce any information or otherwise respond." *Third Degree Films, Inc. v. Does 1-118*, No. 11-cv-03006-AW, 2011 WL 6837774, at *3 (D.Md. Dec. 28, 2011). Doe also cannot move successfully to quash the subpoena by denying liability. "[I]t is well-settled that such general denials of liability cannot serve as a basis for quashing a subpoena." *Third Degree Films, Inc. v. Does 1-108*, No. DKC-11-3007, 2012 WL 669055, at *3 (D.Md. Feb. 28, 2012) (citation and internal quotation marks omitted). "For the court to quash the subpoena would allow a subscriber to prevent Malibu from pursuing a potentially valid claim simply by denying liability." *Malibu Media, LLC v. Doe*, No. MJG-14-0747, 2014 WL 7190812, at *2 (D.Md. Dec. 16, 2014).

The court appreciates the potential for undue reputational harm should Doe's identity be made public, particularly in light of the possibility that the alleged copyright violations were committed by someone other than Doe. There is also potential for a plaintiff to use the threat of reputational harm to abuse these lawsuits and coerce settlements. "But those concerns adequately are addressed by the existing interplay of procedural

3

rules and this Court's order." *Malibu Media, LLC v. Doe*, No. PWG-13-365, 2014 WL 7188822, at *9 (D.Md. Dec. 16, 2014). Moreover, "despite having dozens of suits in this District, there is no indication to date that Malibu has failed to comply with the dictates of the Federal Rules and this Court's orders, and so there is no reason to depart from the procedures currently in place or to buttress the protections for subscribers that already are in place."[1] *Id.*

The protections the court outlined in its June 12 Order protect Doe's privacy interests and ensure the case does not go forward improperly. That order provides that Plaintiff must not disclose Doe's identity publicly absent further order form the court and "may only use it to determine whether, pursuant to Rule 11(b), it has sufficient information to amend the complaint" to name Doe as an individual defendant. (ECF No. 5, at 4-5). Further, "[a]ny amended complaint filed by Malibu naming an individual defendant shall be filed so that the name and any specifically identifying information is redacted from

---

[1] This fact distinguishes a case Doe relies on in the motion to quash. *See In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 89 (E.D.N.Y. 2012) ("The most persuasive argument against permitting plaintiffs to proceed with early discovery arises from the clear indicia, both in this case and in related matters, that plaintiffs have employed abusive litigation[] tactics to extract settlements from John Doe defendants, and these tactics distinguish these plaintiffs from other copyright holders."). Here, there is no indication that Plaintiff is pursuing such tactics.

the publically available court docket, with an unredacted copy filed under seal."[2] (*Id.* at 5). In addition, as has become customary in this district through the adjudication of similar cases, Plaintiff is authorized to depose the individual identified as the subscriber to the IP address. Finally, Plaintiff may not conduct further discovery absent a court order, and Plaintiff is prohibited from engaging in coercive settlement negotiations.

Accordingly, it is this 5th day of January, 2016, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion to quash filed by Defendant John Doe (ECF No. 7) BE, and the same hereby IS, DENIED;

2. The clerk will transmit copies of this Memorandum Opinion and Order to counsel for the parties.

                                                       /s/
                                      DEBORAH K. CHASANOW
                                      United States District Judge

---

[2] Doe also purports to move for "Leave to Proceed Anonymously." (ECF No. 7, at 1). This is not necessary because the June 12 Order continues to grant Doe anonymity.